## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **SHERITHA J. BELLAMY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:13-32486** |
| ) | |
| **SANDRA BUTLER, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Motion to Proceed Without Prepayment of Fees or Costs (Document No. 5) and Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Document Nos. 1 and 2.).[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Motion and Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Motion and Application should be denied.

### FACT AND PROCEDURE

On May 22, 2012, Petitioner pled guilty in the United States District Court for the Eastern District of Virginia to one count of theft of government property, in violation of 18 U.S.C. § 641. United States v. Bellamy, Case No. 2:12-cr-00062 (E.D.Va. Sep. 4, 2012), Document Nos. 5 - 7. On September 4, 2012, the District Court sentenced Petitioner to a 60 month term of imprisonment to be followed by a two year term of supervised release. Id., Document No. 20. The District Court also

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

imposed an $100 special assessment and imposed restitution in the amount of $7,831.03. Id., Document No. 17, 18, and 20. On July 15, 2013, Petitioner filed a "Motion for Amended Restitution Order" arguing that the District Court erred in imposing restitution and requesting that the Court "set her restitution payment as $25.00 per quarter." Id., Document No. 30. On September 3, 2013, Petitioner filed her Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 alleging that the District Court erred in calculating her sentence. Id., Document No. 31. The District Court determined that "both Motions are properly brought under 28 U.S.C. § 2255." Id., Document No. 32. By Order entered on September 6, 2013, the District Court considered the merits of Petitioner's claim and denied her Section 2255 Motion. Id. Petitioner filed her Notice of Appeal on December 23, 2013. Id., Document No. 36. The Fourth Circuit dismissed Petitioner's appeal on June 9, 2014. Id., Document No. 41.

On December 18, 2013, Petitioner, acting *pro se* and incarcerated at FPC Alderson, located in Alderson, West Virginia, filed her instant Motion to Proceed Without Prepayment of Fees and Costs, an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody, and Memorandum in Support. (Document Nos. 1, 2, and 5.) In her Petition, Petitioner alleges that the BOP is improperly collecting restitution payments from Petitioner through the Inmate Financial Responsibility Program [IFRP] because the Sentencing Court did not set a schedule of payments. (Document Nos. 1 and 2.) Specifically, Petitioner argues that "[t]he Honorable Judge Doumar did not set a payment schedule or the timing of payments for Petitioner's restitution order and has thus failed to comply with 18 U.S.C. § 3664." (Document No. 1, p. 6.) Petitioner argues that the Sentencing Court may not delegate its authority to set a schedule for payments to the BOP. (Document No. 2, pp. 3 - 4.) Citing Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012) and United States v. Gunning, 401 F.3d 1145 (9th Cir. 2005), Petitioner complains that the Sentencing Court erred by

merely ordering that her restitution payment was "due immediately" without setting a schedule for payments. (Id.) As a result of the foregoing, Petitioner complains that she "has been required to pay $151.00 per month under the IFRP." (Id., p. 2.) Petitioner states that she is currently in IFRP Refusal status "because she earns only $5.25 per month and her inmate job and her family cannot afford the $151.00 as set by Alderson." (Id.) Petitioner acknowledges that on "November 6, 2013, the Petitioner was informed by her Case Manager and her Counselor that due to the Petitioner not receiving funds from her family, her IFRP payment would lower to $81.00 per month." (Id.) As relief, Petitioner requests that the Court "amend her Restitution Order under Title 18 Section 3664 of the United States Code . . . to $25.00 per quarter" and "to order Federal Prison Camp Alderson to remove Petitioner out of IFRP Refusal status and reinstate her lost privileges." (Id., p. 1.) As an Exhibit, Petitioner attaches a copy of a letter from the Sentencing Court dated July 8, 2013. (Document No. 1, p. 10.)

## ANALYSIS

**1.      Challenge to Sentencing Order:**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed

under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon her liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241.

In the instant case, Petitioner argues that the restitution portion of her Judgment Order is unlawful. Citing United States v. Gunning, 401 F.3d 1145 (9th Cir. 2005) ["Gunning II"] and Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012), Petitioner contends that the Sentencing Court entered its Judgment Order in violation of the Victim and Witness Protection Act as supplemented in 1996 by enactment of the Mandatory Victim Restitution Act [VWPA], 18 U.S.C. §§ 3663 – 3664. Thus, Petitioner is clearly challenging the validity of her sentence. The undersigned notes that Petitioner unsuccessfully asserted the foregoing claim in a Section 2255 Motion filed in the Eastern District of Virginia. Therefore, to the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider her claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging her conviction in a venue other than the sentencing court if the Petitioner

can establish that her remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges her *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section

5

2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger).

Based upon the foregoing, the undersigned concludes that Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that she could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes her actual innocence of the underlying conviction. The undersigned finds that Petitioner's challenge to the validity of her *sentence* based upon Gunning and Ward does not meet the requirements of the saving clause. See Bennett v. United States, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); also see Fontanez v. O'Brien, 2014 WL 5343568, * 6 -7 (N.D.W.Va. Oct. 20, 2014)(finding that Section 2241 was an improper means to challenge the validity of petitioner's sentencing order where petitioner claimed the sentencing court failed to comply with the requirements of the VWPA); Chambers v. United States, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*); Moon v. United States, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges his armed career criminal sentencing enhancement based upon Simmons, he has not raised a claim that may be presented in a Section 2241 Petition). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain her burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and her Section 2241 Petition should be dismissed to the extent she alleges that her Judgment Order is unlawful.

**2.     Challenge to IFRP:**

Petitioner alleges that the BOP is improperly attempting to collect restitution payments through the IFRP because the Sentencing Court did not set a schedule of payments. Citing Gunning

II and Ward, Petitioner contends that the BOP cannot collect restitution payments based upon the Sentencing Court's determination that payment was "due immediately." In Gunning II, the Ninth Circuit held that "the district court must determine the restitution payment schedule." Gunning II, 401 F.3d at 1150. Specifically, the Ninth Circuit determined that the district court impermissibly delegated its authority to set a payment schedule to the BOP by ordering that restitution was "payable immediately, but with the unpaid amount to be paid . . . during the time of his imprisonment, it was to be paid through the BOP Inmate Financial Responsibility Program." Id. In Ward, the Ninth Circuit held that "if the defendant is unable to pay restitution immediately, the court cannot simply order 'immediate' repayment and leave the details of the actual payment schedule to the BOP." Ward, 678 F.3d at 1052. Specifically, the Ninth Circuit determined that the district court's order that defendant's restitution was due and payable immediately, without setting forth a proper payment schedule, was unlawful and the BOP lacked authority to collect restitution payments through IFRP. Id.

Based upon Gunning II and Ward, the BOP lacks authority to collect restitution payments from a petitioner incarcerated in the Ninth Circuit unless the restitution order sets forth a payment schedule. See Willis v. Apker, 2014 WL 4954457, * 1 (D.Ariz. Sep. 30, 2014)("In the Ninth Circuit, 'the BOP lack the authority to collect restitution payments from the petitioner' unless the petitioner's restitution order sets forth a payment schedule"); Quinonez v. McGrew, 2014 WL 7014091, * 4 (C.D.Cal. Oct. 23, 2014)(noting that "following *Ward* the BOP issued a notice to all inmates housed in the Ninth Circuit that they could request review of restitution orders without a court-ordered payment schedule"). Gunning II and Ward, however, are non-binding authority within this District. The undersigned further notes that Petitioner was convicted within the Fourth Circuit and is currently incarcerated within the Fourth Circuit. Similar to the Ninth Circuit, the Fourth Circuit has recognized that 18 U.S.C. § 3663 imposes a nondelegable, "core judicial function" upon the sentencing court to

7

set the amount and time of restitution payments. United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995). The Fourth Circuit, however, has recognized that when the Sentencing Court orders that payment is due immediately, the Sentencing Court sets the required amount and timing for payment of the criminal monetary penalty. See United States v. Caudle, 261 Fed.Appx. 501, 504 (4th Cir. Jan. 10, 2008). Generally, the requirement that payment be made immediately is interpreted to require payment to the extent possible, and to begin as soon as possible. Coleman v. Brooks, 133 Fed.Appx. 51, 53 (4th Cir. 2005). In the instant case, the Sentencing Court ordered that the payment of Petitioner's total criminal monetary penalties were "due in full immediately." Bellamy, Case No. 2:12-cr-00062, Document No. 20, p. 6. Thus, the BOP through IFRP determined that Petitioner had the ability to pay $81 a month.[2] The IFRP is a program that provides an avenue for collection of payments toward a monetary penalty imposed by court order.[3] See 28 C.F.R. § 545.10-545.11. See Webb v. Hamidullah, 2006 WL 1946441 (D.S.C. Jul. 11, 2006)(unpublished)(finding that IFRP is not an improper delegation of a judicial function because IFRP merely provides an inmate with a vehicle for ensuring that payment is made). The BOP's establishment of a payment schedule under IFRP does not constitute an improper delegation of authority by the Courts. See United States v.

---

[2] The BOP is not limited to considering only an inmate's ability to earn wages while in prison, but may consider all funds received by an inmate. See 28 C.F.R. § 545.11(b)(stating that "[p]ayments may be made from institution resources or non-institution (community) resources").

[3] The purpose of the IFRP is to "encourage each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "The provisions of this rule apply to all inmates in federal facilities, except: Study and observation cases, pretrial detainees, and inmates in holdover status pending designation." Id. Section 545.11 provides that "[w]hen an inmate has a financial obligation, unit staff shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. An "inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to staff." 28 C.F.R. § 545.11(b). An inmate's process in IFRP "will be reviewed each time staff assess an inmate's demonstrated level of responsible behavior." 28 C.F.R. § 545.11(c). "Refusal by an inmate to participate in the financial responsibility program or to comply with the provisions of his financial plan ordinarily" results in the loss of certain advantages or privileges. 28 C.F.R. 545.11.

8

Watkins, 161 Fed.Appx. 337 (4th Cir. 2006); Martin v. United States, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(finding that "a sentencing court's order that a fine is due to be paid in full immediately is not an improper delegation of authority to the BOP, and the resultant 'payment schedule established by the BOP does not conflict with the sentencing court's immediate payment order'"). Therefore, Petitioner's claim that the BOP is improperly attempting to collect restitution payments from Petitioner through IFRP because the Sentencing Court did not set a schedule of payments is without merit.

To the extent Petitioner is contending that the BOP's use of IFRP is violating her due process right, the undersigned finds her claim to be without merit. See Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2nd Cir. 1990)(finding that the "IFRP program serves a valid penological interest and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation"). The compelled participation in IFRP is neither punitive in nature nor a violation of due process because it is reasonably related to a legitimate governmental objective of rehabilitation. Id.; also see Cupp v. Reed, 2009 WL 277554 (N.D.W.Va. Feb. 5, 2009)(finding that plaintiff failed to state a claim because "it is well-established that the BOP's inmate financial responsibility program is constitutional and that the negative consequences of not participating in the program are neither punitive nor do they violate the constitution").

Finally, Petitioner appears to seek modification of her restitution order pursuant to 18 U.S.C. § 3664(k). In support, Petitioner appears to argue that her financial circumstances have changed and she financially unable to make a restitution payment. Section 3664(k) provides that upon notification of any material change in the defendant's economic circumstances, the Sentencing Court may modify a defendant's restitution order "to adjust a payment schedule, or require immediate payment in full." 18 U.S.C. § 3664(k). First, the undersigned notes that Petitioner was sentenced in the Eastern District

of Virginia. Next, Section 3664(k) may not be used to modify or suspend restitution payments made through the IFRP. See United States v. Diggs, 578 F.3d 318, 320 (5th Cir. 2009)(noting that petitioner was not challenging the payment schedule established by the sentencing court, but was opposing his scheduled payment under IFRP); Snyder v. Butler, 2014 WL 3565984 * 5 (S.D.W.Va. June 11, 2014)("Section 3664(k) cannot be used to modify or suspend restitution payments made through the IFRP"). Accordingly, this Court has no authority to grant relief pursuant to Section 3664(k). Based on the foregoing, the undersigned finds that Petitioner's Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed Without Prepayment of Fees and Costs (Document No. 5.), **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document Nos. 1 and 2.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: January 9, 2015.

R. Clarke VanDervort
United States Magistrate Judge