IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD


SHERITHA J. BELLAMY,

    Petitioner,

v.                                    Civil Action No: 1:13-32486

SANDRA BUTLER,
Warden

    Respondent.


**MEMORANDUM OPINION AND ORDER**

    Pending before the court are petitioner's motion to proceed without prepayment of fees or costs, (Doc. No. 5), and petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. Nos. 1, 2). By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3). The magistrate judge submitted his proposed findings and recommendation ("PF&R") on January 9, 2015. (Doc. No. 8). In the PF&R, Magistrate Judge VanDervort recommended that the court deny petitioner's motion to proceed without prepayment of fees and dismiss her petition for a writ of habeas corpus.

    In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days,

1

in which to file any objections to the PF&R.  Petitioner timely filed her objections on January 26, 2015.  (Doc. No. 10).  Because petitioner's objections are without merit, the court adopts the PF&R, dismisses her petition, and denies her motion to proceed without prepayment of fees.

I. **Background**

On May 22, 2012, petitioner pled guilty in United States District Court for the Eastern District of Virginia to one count of theft of government property, in violation of 18 U.S.C. § 641.  <u>United States v. Bellamy</u>, No. 2:12-cr-00062 (E.D. Va. Sept. 4, 2012) (Doc. Nos. 5-7).  On September 4, 2012, the district court sentenced petitioner to a term of imprisonment of sixty months followed by a two year term of supervised release.  <u>Id.</u>  The court also imposed restitution in the amount of $7,831.03 and a $100 special assessment, both of which the court ordered due in full immediately.  <u>Id.</u>

On July 15, 2013, petitioner filed a motion for an amended restitution order, arguing that the district court erred in imposing restitution and requesting that the court set restitution at $25 per quarter.  <u>Id.</u> at Doc. No. 30.  On September 3, 2013, petitioner filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, alleging that the district court erred in calculating her sentence.  <u>Id.</u> at Doc. No. 31.  After determining that 28 U.S.C.

2

§ 2255 was the proper vehicle for petitioner's motions, the district court denied both motions. Id. On December 23, 2013, petitioner filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit. Id. at Doc. No. 36. On June 9, 2014, the Fourth Circuit dismissed her appeal. Id. at Doc. No. 41.

In the instant petition for a writ of habeas corpus, petitioner argues that the sentencing court improperly delegated its authority to the Bureau of Prisons ("BOP") when it failed to set a payment schedule for petitioner's restitution payments. (Doc. Nos. 1, 2). Petitioner is currently enrolled in the Inmate Financial Responsibility Program ("IFRP"), whereby the BOP has set petitioner's restitution repayment schedule at $81.00 per month.[1] (Doc. No. 1).

## II. **Petitioner's Objections to the PF&R**

Petitioner makes three specific objections to the PF&R: (1) that Magistrate Judge VanDervort should have construed her petition pursuant to 28 U.S.C. § 2241, rather than § 2255; (2) that the PF&R improperly concluded that the sentencing court's restitution order was lawful; and (3) that Magistrate Judge

---

[1] In her petition, petitioner notes that the BOP originally calculated her IFRP schedule for a $151.00 monthly payment, but, at the time of filing, the BOP had recently lowered her scheduled payments to $81.00 per month.

3

VanDervort failed to apply Ninth Circuit precedent to her case. The court will address each of these arguments in turn.

Petitioner's first objection relates to Magistrate Judge VanDervort's analysis of her petition, arguing that the PF&R incorrectly construed her petition pursuant to 28 U.S.C. § 2255, rather than 28 U.S.C. §2241. In support of her argument, petitioner cites United States v. Gripper, 224 F. App'x 219, 220 (4th Cir. 2007)(unpublished). The petitioner in Gripper argued that the BOP improperly established a payment schedule through IFRP that directly conflicted with the sentencing court's judgment, which required immediate payment. Id. The Fourth Circuit found that Gripper's petition properly fell under § 2241, because he challenged the implementation of the court's restitution order. Id.

After reviewing the PF&R and Gripper, the court finds that the PF&R properly analyzed petitioner's motion pursuant to § 2255. Section 2255 is the proper vehicle for challenging the validity of a conviction, whereas § 2241 focuses on the terms of a prisoner's custody. See Taylor v. Batts, Civil Action No. 1:11-0172, 2012 WL 1067408, at *1 (S.D.W. Va. Feb. 24, 2012) ("The focus of Section 2241 is upon a prisoner's custodial status, not upon the validity of her conviction or sentence, as is the focus of Section 2255."). In her petition, petitioner argued that the sentencing court's judgment order was unlawful

4

because the district judge did not set a schedule of restitution payments. Petitioner does not challenge the method by which the BOP carries out her sentence, but the sentence itself. As a result, Magistrate Judge VanDervort properly analyzed petitioner's petition under the framework of § 2255.

Furthermore, petitioner presents a different argument than the petitioner in Gripper and a different result should follow. While the petitioner in Gripper challenged the implementation of the court's restitution order, petitioner here challenges the order itself. Section 2241 provides the appropriate framework for analysis of the argument in Gripper, whereas § 2255 provides the appropriate framework for petitioner's argument. Accordingly, the court finds no error in the PF&R's analysis and petitioner's objection is overruled.

Next, petitioner objects to the PF&R's conclusion that the district court's order of restitution was lawful. Petitioner counters that the sentencing court's order of restitution is unlawful because the court did not specify a schedule by which petitioner should pay restitution. In her objections, petitioner relies on Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012) and United States v. Gunning, 401 F.3d 1145 (9th Cir. 2005). In Ward, the United States Court of Appeals for the Ninth Circuit concluded that a district court impermissibly delegated its authority to the BOP when the court ordered

5

immediate payment of restitution without specifying a payment schedule.  Id. at 1052.  Reaching a similar conclusion in Gunning, the Ninth Circuit held that a district court must determine a restitution payment schedule.  401 F.3d at 1150.

Petitioner's reliance on Ward and Gunning is misplaced, as these cases are not controlling precedent in this circuit. Under Fourth Circuit precedent, a "district court may not delegate its authority to set the amount and timing of fine payments[2] to the Bureau of Prisons . . . without retaining ultimate authority over such decisions."  Id. at 78.  However, "a sentencing court's order that a fine is due to be paid in full immediately is not an improper delegation of authority to the BOP, and the resultant payment schedule established by the BOP does not conflict with the sentencing court's immediate payment order."  Martin v. United States, No. Civ. A. 1:03CV213, 2006 WL 231485 at *5 (N.D.W. Va. Jan. 31, 2006) (internal citations omitted); see also Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005) (finding the BOP properly applied the IFRP as an "avenue to collect" the petitioner's financial obligations which the sentencing court imposed and ordered immediate payment).

---

[2] The court noted that this reasoning applies equally to "restitutionary installment payments."  United States v. Miller, 77 F.3d 71, 77-8 (4th Cir. 1996) (citing United States v. Johnson, 48 F.3d 806, 808-09 (4th Cir. 1995)).

6

In petitioner's case, the district court did not delegate its authority to the BOP. The district court imposed restitution, which was "due in full immediately." Bellamy, Case No. 2:12-cr-00062 (E.D. Va. Sept. 4, 2012) (Doc. No. 30). In accordance with this order and petitioner's involvement in IFRP, the BOP created a payment schedule, in compliance with Miller.

Furthermore, the Ward opinion on which petitioner relies acknowledges that the Fourth Circuit, as well as other circuits, takes a different approach from that of the Ninth Circuit. Id. at 1047 n.2 ("[T]he Fourth, Fifth, and Seventh Circuits have held that a judgment of conviction need not contain a schedule of restitution payments to be made during the period of incarceration.") (quoting United States v. Lemoine, 546 F.3d 1042, 1048 n.4 (9th Cir. 2008) (internal quotations omitted)). Accordingly, petitioner's contention that Ward and Gunning demand a different result lacks merit.

Finally, petitioner objects to the PF&R's characterization of Ward and Gunning as non-binding authority within this circuit. As a district court within the Fourth Circuit, which includes Maryland, North Carolina, South Carolina, Virginia, and West Virginia, the court is bound to follow the precedent established by the United States Court of Appeals for the Fourth Circuit and the United States Supreme Court. Similarly, district courts within the Ninth Circuit are bound to follow

7

precedent established by their own Court of Appeals and the United States Supreme Court. See Condon v. Haley, 21 F. Supp. 3d 572, 587 (D.S.C. 2014) ("Coherent and consistent adjudication requires respect for the principle of stare decisis and the basic rule that the decision of a federal circuit court of appeals left undisturbed by United States Supreme Court review is controlling on the lower courts within the circuit."); see also Gilbert v. Nat'l Emp. Benefit Companies, Inc., 466 F. Supp. 2d 928, 933 (N.D. Ohio 2006) ("Under stare decisis, a district court in this circuit is bound only by opinions of the U.S. Supreme Court and the U.S. Court of Appeals for the Sixth Circuit, while other authority is advisory.") (internal citations omitted). In petitioner's case, the Fourth Circuit has ruled conclusively on the issue she raises in her petition. As a result, this court must apply Fourth Circuit law to her case, law which is unfavorable to petitioner's argument. Therefore, the court overrules petitioner's objection that Ninth Circuit law must be applied to her case.

### III. Conclusion

Accordingly, the court **OVERRULES** petitioner's objections to Magistrate Judge VanDervort's PF&R. The court **ADOPTS** the factual and legal analysis contained within the PF&R, **DENIES** petitioner's motion to proceed without prepayment of fees or costs, (Doc. No. 5), **DISMISSES** petitioner's petition for a writ

of habeas corpus, (Doc. No. 1), and **DISMISSES** this matter from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

IT IS SO ORDERED on this 3rd day of March, 2015.

ENTER:

David A. Faber
Senior United States District Judge